UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERESA KORBA** ) | |
| ) | **Case Number** |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CIVIL COMPLAINT** |
| **CREDITORS FINANCIAL GROUP,** ) | |
| **LLC** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Teresa Korba, by and through her undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiff, Teresa Korba, (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Teresa Korba ("Plaintiff") is an adult natural person residing at 3116 Crystal Springs Road West, University Place, WA 98466.

5. Defendant, Creditors Financial Group, LLC ("Defendant"), at all times relevant hereto, is and was a New York Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 3131 Vaughn Way, Suite 110, Aurora, CO 80014 and a registered office located at 820 Bear Tavern Road, Trenton, NJ 08628.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about August 7, 2009, Defendant sent an initial collection notice to

Plaintiff with regard to an alleged consumer debt, namely a Bank of America credit card account.

8. Additionally, Defendant's agent, Anthony, began to call Plaintiff's home phone.

9. At the same time, Defendant's agent, Anthony, began to contact Plaintiff's neighbors.

10. Defendant's agent, Anthony, has called Plaintiff's neighbors as early as 6:30 A.M.

11. Defendant's agent, Anthony, has called Plaintiff as early as 6:30 A.M.

12. On or about August 17, 2009, Defendant's agent, Anthony, called Plaintiff's home telephone at approximately 6:30 A.M and let the phone ring continuously for several minutes.

13. Plaintiff was in the shower.

14. Plaintiff's caller ID showed "unknown number". Alarmed, Plaintiff picked up the telephone, fearing an emergency.

15. Defendant's agent, Anthony was rude and abrupt and stated that he had been trying to reach Plaintiff and that she should pick up her phone.

16. Later that day, August 17, 2009, a neighbor of Plaintiff came to her home with a post-it note and in an irate manner approached Plaintiff's son, Kevin.

17. Plaintiff's neighbor stated that "some company" had been calling him every morning between 6 and 6:30 A.M. asking if Plaintiff lived nearby. Plaintiff's neighbor

further stated that he knew it was a debt collection company and had asked Defendant's agents to stop calling his home.

18. Defendant's agent, Anthony, continued to call Plaintiff's home and, in fact; he harassed family members who would pick up the telephone.

19. On or about September 16, 2009, Defendant's agent, Anthony, called Plaintiff's home telephone. Plaintiff's son, Joshua picked up.

20. Defendant's agent, Anthony did not identify himself or the company he was calling from. Plaintiff's caller ID showed "private number".

21. Defendant's agent, Anthony, asked for Plaintiff's sister, Lisa Duncan's, cell phone number.

22. Plaintiff's son, Joshua, handed the telephone to another sister of Plaintiff, Diana Gramling, who happened to be at Plaintiff's house.

23. Defendant's agent then began to question Plaintiff's sister, Ms. Gramling as to the whereabouts of Plaintiff.

24. Becoming suspicious, Ms. Gramling asked who the caller was and the nature of the call.

25. Defendant's agent, Anthony, became rude and began to curse at Ms. Gramling. Ms. Gramling told him never to call again and hung up.

26. Defendant's agent called Plaintiff's house four (4) more times in rapid succession immediately following the original disconnected call.

27. Defendant, by and through its agents, continue to call and harass and abuse Plaintiff, Plaintiff's family and Plaintiff's neighbors.

28. Defendant's third party communication was not for the purpose of correcting or confirming location but to harass Plaintiff's family and neighbors, thereby harassing and coercing Plaintiff to pay the alleged debt.

29. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

30. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than Plaintiff that Plaintiff owes a debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT ONE – FDCPA

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. b(1)  Defendant's agent failed to identify himself or state that he was calling to correct or confirm location;

    b. b(3)  Defendant's agent contacted third parties more than once and continued to do so after being asked to stop;

    c. c(a)(1)  Defendant's agent called Plaintiff and Plaintiff's neighbors before 8 A.M.;

    d. c(b)  Defendant's agent communicated with someone other than Plaintiff concerning the alleged debt;

    e. d  Defendant's agent conducted himself in a manner which was harassing, oppressive, or abusive to Plaintiff;

    f.  d(6)  Defendant's agent failed to disclose his identity to Plaintiff and others;

    g.  e  Defendant's agent made false, deceptive and misleading representations to Plaintiff and others in the course of attempting to collect the alleged debt;

    h.  e(7)  Defendant's agent implied that Plaintiff had committed conduct that disgraced her;

    i.  e(10)  Defendant's agent used false representations or deceptive means to attempt to collect the alleged debt from Plaintiff;

    j.  e(11)  Defendant's agent failed to state the mini-Miranda warning to the Plaintiff;

    k.  f  Defendant's agent used unfair and unconscionable means to attempt to collect the alleged debt from Plaintiff;

  **WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Creditors Financial Group, LLC and Order the following relief:

    a.  Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.  Actual damages;

    c.  Statutory damages pursuant to 15 U.S.C. §1692k;

    d.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e.   Such addition and further relief as may be appropriate or that the interests of justice require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  September 25, 2009          **BY: /s/ Bruce K. Warren**
                                    **BY: /s/ Brent F. Vullings**
                                    Bruce K. Warren, Esquire
                                    Brent F. Vullings, Esquire
                                    Warren & Vullings, LLP
                                    1603 Rhawn Street
                                    Philadelphia, PA  19111
                                    215-745-9800   Fax 215-745-7880
                                    Attorney for Plaintiff